UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

SECURITY WORKERS HEALTHAND
WELFARE FUND; RUTH ROUSE,
Trustee of the Fund; EUGENE
HARTMAN, Trustee of the Fund;
MYRA MCCOY, Trustee of the Fund;
GREG STROUSE, Trustee of the Fund,
Plaintiffs-Appellants,

v.

MID-ATLANTIC SECURITY SERVICES,
INCORPORATED, d/b/a Areawide
Services, Limited; WACKENHUT
SERVICES, INCORPORATED,
Defendants-Appellees.

No. 00-1538

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Charles B. Day, Magistrate Judge.
(CA-96-2203-WMN)

Argued: January 24, 2001

Decided: March 28, 2001

Before WILKINS and MICHAEL, Circuit Judges, and
Claude M. HILTON, Chief United States District Judge for
the Eastern District of Virginia, sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Marc Alan Tenenbaum, SLEVIN & HART, P.C., Washington, D.C., for Appellants. Jeffrey Peabody Ayres, VENABLE, BAETJER & HOWARD, L.L.P., Towson, Maryland, for Appellees.
**ON BRIEF:** Marc H. Rifkind, SLEVIN & HART, P.C., Washington, D.C., for Appellants. Joseph D. Gebhardt, JOSEPH D. GEBHARDT, P.C., Washington, D.C., for Appellee Mid-Atlantic.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case involves the interpretation of a provision in an ERISA trust agreement that holds a delinquent employer liable to the trustees of its employees' benefit fund for all reasonable costs incurred in the collection of a delinquent account. A magistrate judge interpreted this provision as excluding the fees of an auditor. Finding this interpretation to be in error, we reverse and remand.

Security Workers Health and Welfare Fund, a joint labor management employee benefit fund, provides health and related benefits to security guards under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. The Fund was one of the insurance options for security guards employed by Mid-Atlantic Security Services (which operated under the name "Areawide Services Limited") pursuant to a collective bargaining agreement between Areawide and the United Union of Security Guards. The collective bargaining agreement required Areawide to contribute to the Fund based on the number of guards who elected to participate in the Fund's benefit program. The agreement also required Areawide to provide monthly reports to the Fund detailing the number of participating employees and the hours they worked. On July 17, 1996, the Fund brought suit

2

in the United States District Court for the District of Maryland after Areawide failed to make the requisite contributions to the Fund and failed to submit a monthly report. At around the same time period, Areawide was purchased by Wackenhut Services.

Areawide did not file a timely answer to the complaint and the district court entered judgment by default against Areawide. However, the default judgment was later vacated. The parties eventually settled as to the amount of principal that was due the Fund. The district court entered partial judgment in the Fund's favor for that stipulated amount ($32,000). The matter went forward, however, as to the issues of interest, liquidated damages, attorneys' fees, audit fees, and collection costs. The Fund filed a motion for summary judgment which a magistrate judge, assigned to hear the case upon the consent of all of the parties, granted in part. The magistrate judge awarded $58,634.37 in interest, liquidated damages, attorneys' fees, and other costs; this amount was in addition to the $32,000 judgment that the parties agreed to for satisfaction of the principal amount owed to the Fund. The magistrate judge reduced the Fund's request for attorneys' fees by 50%, denied altogether the Fund's request for auditor fees, and reduced the amount of taxable costs by $97.14.

At issue in this appeal is the magistrate judge's denial of the fees for the Fund's auditor, Patrick R. Reid, in the amount of $24,521.25. Reid had reviewed Areawide's employment records to determine how much was owed the Fund. Reid was given the documents in question only after the Fund had obtained an order to compel. Reid also reviewed documents from Wackenhut. Reid's rate was $90 per hour for his work and $45 per hour for his assistants' time. The magistrate judge ruled that Mr. Reid was not utilized by the Fund as an auditor but as an expert witness. The magistrate judge held that because Reid was assisting with trial preparation as an expert, the Fund was not entitled to reimbursement of his fee.

Because this Court is being asked to review the magistrate judge's ruling on a motion for summary judgment, the matter is reviewed <u>de novo</u>. <u>See Canada Life Assurance Co. v. Estate of Lebowitz</u>, 185 F.3d 231, 235 (4th Cir. 1999).

Resolution of this issue begins and ends with the interpretation of a clause in the Fund's Trust Agreement, which Areawide agreed to

3

be bound by in its collective bargaining agreement with the union. Article IX, Section 6 of the Trust Agreement provides in pertinent part, "[I]n the event that the Trustees place the account in the hands of legal counsel for collection, the delinquent employer shall be liable for reasonable attorney fees (with a minimum of $100) and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc."

Reid's fees are included as "costs incurred in the collection process." "Audit fees" are specifically listed in the clause as an example of a collection cost. Areawide argues that Reid was really performing the services of an expert witness and that he was performing tasks more accurately characterized as litigation support. The magistrate judge agreed, finding that Reid was hired for purposes of litigation. Even if this finding is correct, the clause in the agreement clearly contemplates litigation-related expenses. For example, the agreement lists "court fees" as a recoverable collection cost. Court fees would only be applicable if the Fund pursued litigation to collect a delinquent account. There is no requirement, as the magistrate judge found, that the information uncovered by the auditor be obtained in the ordinary course of employment, rather than after being retained by counsel. There is no question that Reid was performing an audit in that he reviewed Areawide and Wackenhut's employment records to determine how much was owed the Fund. The fact that this task was performed while this matter was in litigation--rather than as part of a preventative, routine audit--is irrelevant under the plain language of the agreement in question.

Because the Court concludes that the contract unambiguously resolves this issue in favor of the Fund, it is not necessary to address the Fund's further argument that ERISA itself provides for the award of audit fees. This case is remanded for the consideration of audit fees consistent with this opinion.

REVERSED AND REMANDED

4